UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUNDS and THE HIGHWAY, ROAD AND STREET CONSTRUCTION LABORERS LOCAL UNION 1010, <br><br> Plaintiffs, <br><br> -against- <br><br> SAFECO CONSTRUCTION CORP., <br><br> Defendant. | 18 CV_____ <br><br> **COMPLAINT** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer welfare and pension funds through their respective Boards of Trustees, and by a labor union, to collect delinquent employer contributions to employee benefit plans and dues check-offs and other contributions that an employer was required to withhold from its employees' pay and forward to the union.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. 1132(e)(2) because the Funds (as defined below) reside or may be found in this district.

## THE PARTIES

4. Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5. Plaintiff the Highway, Road and Street Construction Laborers Local Union 1010 (the "Union") is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4). The Union maintains its principal place of business at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

6. Upon information and belief, defendant Safeco Construction Corp. ("Safeco") is a corporation incorporated under the laws of the State of New York, with its principal place of business at 40 Englewood Avenue, Staten Island, New York 10309, engaged in the construction industry. At all relevant times, Safeco was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.

## STATEMENT OF FACTS

7. At relevant times herein, Safeco was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Union.

2

8. The CBA requires Safeco to pay specified contributions to the Funds and related entities on behalf of which the Funds act as collection agents in connection with all work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

9. The CBA also requires Safeco to submit reports to the Funds detailing the number of hours of Covered Work performed by each of its employees.

10. The CBA further provides that Safeco must forward specified dues check-offs and other contributions to the Union for each hour of Covered Work performed by Safeco's employees.

11. Safeco failed to remit contributions for work performed in January through June 2018 in the amount of approximately $120,182.82.

12. Safeco also failed to remit dues check offs and union assessments to the Union for work performed from January through June 2018 in the amount of approximately $10,544.36.

13. Safeco failed to report the number of hours of Covered Work performed by each of its employees for July 2018 through the present and to submit corresponding contributions.

14. Safeco also owes interest on the late payment of contributions for August through December 2017 of $5,693.03.

**FIRST CLAIM FOR RELIEF AGAINST SAFECO**
*Unpaid Contributions Under 29 U.S.C. § 1145*

15. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

16. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

3

17. The CBA requires that Safeco make contributions to Plaintiffs for all Covered Work it performed.

18. Safeco failed to remit contributions for work performed January through June 2018 in the amount of approximately $120,182.82.

19. Safeco failed to submit reports detailing the number of hours of Covered Work performed by each of its employees for July 2018 through the present and failed to remit corresponding contributions.

20. Pursuant to the CBA, the documents and instruments governing the Funds, and ERISA sections 502(a)(3), 502 (g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Safeco is liable to Plaintiffs for: (1) delinquent contributions for work performed January through June 2018 of $120,182.82; (2) an unknown amount of delinquent contributions for July 2018 to present; (3) interest on the delinquent contributions at an annual rate of 10%; (4) liquidated damages in the amount of 20% of the delinquent contributions adjudged to be due and owing; (5) reasonable attorneys' fees, audit fees, and collection costs incurred by Plaintiffs in this action; and (6) such other legal or equitable relief as the Court deems appropriate.  Further, the Funds are entitled to an order directing Safeco to submit remittance reports detailing the number of hours of work performed by its employees during the period July 2018 through the present.

**SECOND CLAIM FOR RELIEF AGAINST SAFECO**
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

21. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

22. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

23. Safeco violated the terms of the CBA when it failed to timely remit and report all contributions due and owing for Covered Work it performed during the period August 2017 through the present.

24. Safeco also violated the terms of the CBA when it failed to remit dues check-offs and union assessments for work performed January through June 2018 in the amount of approximately $10,544.36.

25. Safeco further violated the terms of the CBA when it failed to submit reports detailing the number of hours of Covered Work performed by its employees from July 2018 through the present and failed to remit corresponding contributions.

26. Safeco further violated the terms of the CBA when it failed to remit interest on the payment of late paid contributions due and owing for Covered Work it performed during the period August through December 2017 in the amount of $5,693.03.

27. As a result of Safeco's violation, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**WHEREFORE**, plaintiffs respectfully request that this Court:

i. Award judgment in favor of Plaintiffs and against Safco ordering Safeco to submit remittance reports detailing the number of hours of work performed by its employees during the period July 2018 through the present;

ii. Award judgment in favor of Plaintiffs and against Safeco for its failure to pay Plaintiffs all contributions required by the CBA, in an amount to be determined at trial, including (1) delinquent contributions, union assessments, and dues check off for work performed January through June 2018 of $130,727.18; (2) an unknown amount of delinquent contributions for July 2018 to present; (3) interest on the

5

delinquent contributions at an annual rate of 10%; (4) an unknown amount of unreported dues check-offs and other contributions to the Union for July 2018 to present; (5) interest on the late payment of contributions for August through December 2017 of $5,693.03; (6) liquidated damages in the amount of 20% of the delinquent contributions adjudged to be due and owing;

    iii. Award Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 6, 2018

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____
Nicole Marimon
Charles R. Virginia
40 Broad Street, 7th Floor
New York, NY 10004
Tel: (212) 943-9080
*Attorneys for Plaintiffs*